## Richmond

CONTINENTAL BAKING COMPANY v. CITY OF CHARLOTTESVILLE, ET AL.

ALICE S. MERRIMAN, ET AL. v. CITY OF CHARLOTTESVILLE, ET AL.

THOMAS L. MOONEY, ET AL. v. CITY OF CHARLOTTESVILLE, ET AL.

June 12, 1961.

Record Nos. 5280, 5281, 5282.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

The opinion states the case.

*Robert M. Musselman* and *John B. Hemmings*, for plaintiff in error, Continental Baking Company.

*Samuel H. Williams; Paul D. Summers, Jr.; Downing L. Smith; Archibald G. Robertson; Harry Frazier, III; Charles R. Haugh; Lloyd D. Smith; E. O. McCue, Jr.; William S. Aaron, Jr.; John B. Hemmings; E. C. Wingfield; Richard H. Barrick*, for defendants in error, City of Charlottesville, Et Al., Record No. 5280.

*John B. Hemmings*, for plaintiffs in error, Alice S. Merriman, Et Al.

*Samuel H. Williams; Paul D. Summers, Jr.; Downing L. Smith; Archibald G. Robertson; Harry Frazier, III; Charles R. Haugh; Lloyd D. Smith; E. O. McCue, Jr.; William S. Aaron, Jr.; John B. Hemmings; E. C. Wingfield; Richard H. Barrick; Robert M. Musselman*, for defendants in error, City of Charlottesville, Et Al., Record No. 5281.

*E. C. Wingfield; William S. Aaron, Jr.; Charles R. Haugh*, for plaintiffs in error, Thomas L. Mooney, Et Al.

*Samuel H. Williams; Paul D. Summers, Jr.; Downing L. Smith; Archibald G. Robertson; Harry Frazier, III; Charles R. Haugh; Lloyd D. Smith; E. O. McCue, Jr.; William S. Aaron, Jr.; John B. Hemmings; Robert M. Musselman; Richard H. Barrick*, for defendants in error, City of Charlottesville, Et Al., Record No. 5282.

*Aubrey R. Bowles, III* and *Bowles, Boyd & Herod*, for League of Virginia Counties, amicus curiae.

*Robert C. Fitzgerald, Commonwealth's Attorney* for Fairfax County, amicus curiae.

BUCHANAN, J., delivered the opinion of the court.

█ The City of Charlottesville filed its petition in the court below, pursuant to Title 15, Chapter 8, Article 1, §§ 15-152.2*ff.*, of the Code, seeking to annex adjacent territory of the County of Albemarle. The court, constituted as provided by § 15-152.8, heard evidence and on December 1, 1960, entered its order granting annexation of the territory therein described and setting forth the terms and conditions thereof. From that order a writ of error was awarded on December 28, 1960, which is now pending in this court.

On July 22, 1960, within the time prescribed by an order entered on June 22, 1960, Alice S. Merriman and 1242 others filed their petition to intervene in and be made parties defendant to said proceedings; and on the same day Thomas L. Mooney and 203 others filed their petition to intervene and likewise to be made parties defendant.

The Merriman petition alleged that the petitioners were residents and taxpayers of Albemarle County residing outside of the area proposed to be annexed by the City who were affected by the proceeding; that the proposed annexation was neither necessary nor expedient; and that the boundary lines of the area proposed to be annexed had been drawn in an arbitrary and inequitable manner so as to secure the maximum benefits to the City and impose the maximum burden on the remainder of the County, which would have serious adverse effects on the petitioners. They prayed to be made parties defendant pursuant to § 15-152.6, with the right to be represented by counsel and with leave to file an answer and such other pleadings as they should be advised were proper, and that if annexation be granted that the lines of the annexation area be redrawn in an equitable manner so as to minimize resulting burdens on the rest of the County.

The Mooney petition alleged that the petitioners were qualified voters or freeholders within the City and were persons affected by the proceedings within the language of § 15-152.6. It denied that any annexation of the territory of the county was either necessary or expedient, considering the best interests of the County, the City, and particularly the people of the City. Petitioners prayed to be made parties defendant and to be granted leave to file an answer and such other pleadings as they might be advised were proper, and that annexation be denied.

On August 22, 1960, Continental Baking Company filed its writ-

ten motion alleging that it had filed its petition to intervene on July 22, 1960 (apparently as one of the Merriman petitioners); that it operated a large industrial plant in the County, was one of the largest taxpayers and one of the largest employers in the County, paying over 1% of all the property taxes levied in the County, and was a person affected by the proceedings as defined by said § 15-152.6; that its interests were not entirely identical with those of its co-petitioners and hence it desired to be severed from their petition so that it might be separately represented. It prayed for the entry of an order of severance, making it a party defendant and granting it time to propound interrogatories and ordering further procedures as prayed.

On the same day, August 22, 1960, the Merriman petitioners and the Mooney petitioners filed written motions renewing their prayers to be made parties defendant and making requests similar to Continental's with respect to propounding interrogatories and related matters.

At a pretrial conference held on October 7, 1960, counsel for the Mooney petitioners (residents of the City), being asked by the court whether his clients would be affected differently from any other citizens of the City, responded that they would be affected by taxes, and that the City had not yet provided improvements within the City and water and gas services that they considered needful and which ought to be provided before additional people were taken into the City. Counsel for the Merriman petitioners (residents of the County outside of the proposed annexation area) asserted that his clients would definitely be affected aside from the effect of annexation on the tax structure; that the whole governmental structure of the County would be affected; that they were interested in what was going to remain, what sort of County government they were going to have, what the financial structure was going to be. Asked whether they would be affected any differently from any other residents of the County, counsel replied, "Only to the extent possibly that they are apparently more interested in what does happen to the County and want to come in to that extent. Probably not."

By separate orders entered on October 13, 1960, the court denied the petitions and motions, reciting in each order that the motion "was not opposed by any other party."

In the order on the Merriman motion the court held that the petitioners, not being residents or freeholders of the area proposed to be annexed, but residents and taxpayers of the County outside the

area to be annexed, were not "parties affected" by the proceedings and "have no special interests different from any other residents and taxpayers of that area outside the area proposed to be annexed."

The order on Continental's motion recited that Continental was not a resident or freeholder of the area proposed to be annexed and its place of business was not located in said area, and held that it also was not a party affected, "having no special interest beyond those of other citizens of the County outside the area proposed to be annexed."

Similarly the order in the Mooney case found that the petitioners were not residents or freeholders of the area proposed to be annexed but were residents of the City, and held that they were not "parties affected," having no special interest beyond those of other citizens of the City.

The petitioners moved the court to stay the proceedings to give them an opportunity to apply for an appeal, but their motion was denied. On November 23, 1960, we granted a writ of error and *supersedeas*, but the court below nevertheless proceeded to its final order of annexation on December 1, 1960.

The League of Virginia Counties and the Commonwealth's Attorney for Fairfax county have filed briefs in this court as *amici curiae* in support of the appellants' right to intervene.

Section 15-152.5 provides that in any annexation proceeding the city or town shall serve notice and a copy of the annexation ordinance on the Commonwealth's attorney and on each member of the governing body of the county, and publish in a newspaper a copy of the notice and ordinance, or an informative summary of the ordinance. We said in *Portsmouth* v. *Norfolk County*, 198 Va. 247, 251, 93 S. E. 2d 296, 300-1, that this publication is not process "but is designed to give notice to the public of the proposed annexation and to supply those who may be affected thereby, or interested therein, with certain information from which they may determine whether or not to act in support of or against the proposed annexation." Only the Commonwealth's attorney and members of the governing board are required to be served with process.

Section 15-152.6, the statute which controls the decision of the present controversy, provides for additional parties in these words:

"In any proceedings hereunder any qualified voters or freeholders in the territory proposed to be annexed or any adjoining city or town may, by petition, become parties to such proceeding. Any county

whose territory is affected by the proceedings, or any city, town or persons affected thereby, may appear and shall be made parties defendant to the case, and be represented by counsel."

This statute was phrased by Acts, 1952, chapter 328, page 627, revising the then existing annexation statutes. Its second sentence, with which we are immediately concerned, was in the original annexation act of 1904, Acts, 1904, chapter 99, at page 145, in these words: "Any county whose territory is affected by the proceedings, or any persons affected thereby, may appear and make themselves parties defendant to the case, and be represented by counsel." Its first sentence was added by Acts, 1924, chapter 441, at page 663. As thus amended it became § 15-131 of the 1950 Code. The only changes made by the 1952 Act were to insert in the first sentence the words "or any adjoining city or town," and in the second sentence the words "city, town or" to make it read as shown above. These changes have not altered the meaning of the statute with respect to the persons who may intervene; and while there have been cases in this court in which parties outside of the annexation areas have intervened,[1] no controversy as to the right of such persons to intervene has previously been presented.

On the question whether § 15-152.6 gives the present appellants the right to intervene, other sections of the annexation law have a definite bearing. Section 15-152.11 requires the court in deciding the case to consider the best interests of the county and of the city; the best interests, the services to be rendered to and the needs of the area proposed to be annexed, and the best interests of the remaining portion of the county. Section 15-152.12 requires that the court shall balance the equities, fix fair and reasonable terms and conditions, and have power, among other things, to include a greater or smaller area than that which the city proposes to take; to require the city to assume a just proportion of the debt of the county or of any of its districts; to require the city to compensate the county for the value of public improvements and for the loss of tax revenues for a period; to provide that in lieu of compensation therefor any public improvement may remain the property of the county or be jointly used by it and the city; to provide what capital outlays shall be made by the

[1] *Henrico County* v. *City of Richmond,* 177 Va. 754, 15 S. E. 2d 309; *City of Falls Church* v. *Board of Supervisors,* 193 Va. 112, 68 S. E. 2d 96.

In *Henrico County* v. *City of Richmond,* 106 Va. 282, 299, 55 S. E. 683, 689, it was said: "Those in favor of the extension and those opposed to it each have rights that should be considered and respected."

city in the area annexed so as to equalize it with the remainder of the city, even in addition to those specified in the city's ordinance.

When a city annexes territory from a county, the area annexed becomes part of a different political unit and the people in it pass into and under a different government. The area of the city is changed, the area of the county is changed, the taxable values of both are changed, and what is added to the city and what remains in the county and the terms and conditions of the changes are matters that necessarily affect the interests of persons in the city, in the annexed area and in the remainder of the county.[2]

Section 15-152.6 says that any persons affected by the proceeding may appear and shall be made parties defendant and be represented by counsel. The appellants who reside in the city and the appellants who reside in, and Continental which has its place of business in, the remainder of the county are persons affected by the proposed annexation, and the plain language of the statute gives them the right to appear and to be made parties and to be represented by counsel.

The statute neither expressly nor impliedly limits the right to appear and be made parties to persons who have special interests in the proceedings beyond the interests of others in the city or in the remainder of the county. Its language is that *any* persons affected by the proceedings have the right to appear and defend. To hold that persons affected are only such persons as are affected in a special and different way from others in their area is to add a material provision to the statute rather than to give effect to it as written. It would deny to all who live in the City and to all who live in the remainder of the County any opportunity to come into the proceeding and oppose the annexation unless they could show a special interest different from the interests of other residents in those areas. The result could be that unless there were persons in those areas who had special interests (whatever might constitute such a class) and who wanted to come in and defend, there could be no defense to annexation by any resident of the City or by any resident of the remainder of the County, and those residents would have to accept whatever positions the City and County officials might take in the proceeding. There seems little doubt that the legislature did not intend such result, and less doubt that the statute as written does not require such result.

The City did not oppose the petitions of the appellants that

___

[2] See "Terms and Conditions of Annexation under the 1952 Statute" by Chester W. Bain, 41 Va. Law Rev. 1129.

they be allowed to appear and defend. To the contrary it filed a written motion that they be admitted and afforded a hearing. It says in its brief that it was then inclined to the belief that their intervention would be innocuous and hardly calculated to influence the result materially, and that even now they might be welcomed but for the fact that the proceeding is ended. It contends now, in support of the ruling of the court below, that the appellants must allege and prove a special interest in order to qualify as "persons affected," which it says the appellants have not done. It cites cases from this and other courts to the effect that when a litigant asserts a right conferred by a statute the allegations of his pleading must be sufficient in substance to embrace the right conferred.

The appellants allege in their petitions that they were persons affected by the proposed annexation; that they were residents and taxpayers of areas the best interests of which are required by the statutes to be considered by the court. They allege that the best interests of their respective areas required that the proposed annexation be not granted and, in the case of those residing in the remainder of the County, that the proposed annexation lines would impose maximum burdens on their area and have serious adverse effects upon them. These allegations were of the essence of the matters to be decided by the court. No demurrer was offered to challenge their sufficiency. The petitions were rejected not because petitioners were not parties affected, but because they were not affected differently from others.

The City suggests that unless the right to intervene given by the second sentence of the statute is limited to persons having a special interest, then any person may become a party on the claim that he is a person affected and without the necessity of showing how. It may be answered that the expense of litigation is ordinarily a sufficient deterrent against a person's entering into litigation with which he is not concerned. Moreover, the appellants in this case have alleged how they are affected. They are residents and taxpayers in areas directly affected by the proposed annexation, and what affects the areas in which they live affects them. They allege that annexation is against the best interests of the areas they live in. Their allegations are more than mere conclusions that they are persons affected. They are sufficient to show that in fact they are affected. They are persons to whom the statute as written gives the right to appear and be made parties defendant. "It is our duty to interpret the statute as written and when this is done our responsibility ceases." *Lynchburg* v. *Suttenfield*, 177 Va. 212, 221, 13 S. E. 2d 323, 326.

The orders appealed from are therefore reversed, the appellants' petitions are reinstated and they shall be admitted as parties defendant in the annexation proceeding of *City of Charlottesville* v. *County of Albemarle* and allowed to make their defense therein.

To that end the final order entered on December 1, 1960, in the case of *City of Charlottesville* v. *County of Albemarle*, from which an appeal to this court was awarded on December 28, 1960, will, by an appropriate order to be entered therein, be vacated and that case will be remanded to the Circuit Court of Albemarle county (the annexation court) with direction to admit the appellants as defendants, permit them to file answers and other proper pleadings and to introduce such admissible evidence as they may offer upon the questions of the necessity for and expediency of annexation, and the terms and conditions thereof; and to permit these appellants to cross-examine any witness as to his testimony previously given. The City and any other of the present parties to the annexation suit shall then have the right to introduce any admissible evidence in rebuttal of the evidence so introduced by these appellants. Thereupon the court below shall consider the evidence (including exhibits) so introduced and therewith the existing record (including evidence and exhibits) in the case of *City of Charlottesville* v. *County of Albemarle*, to be remanded to it as stated, and render its decision in the manner required by law.

*Reversed and remanded.*