WILLIAM A. DALE

v.

CITY OF NEWPORT NEWS

PUBLIC UTILITIES

No. 1600-93-1

Decided August 23, 1994

COUNSEL

(Stephen M. Smith; Joseph Smith, Ltd., on brief), for appellant. Appellant submitting on brief.

(Verbena M. Askew, City Attorney; Collins L. Owens, Jr., Senior Assistant City Attorney, on brief), for appellee. Appellee submitting on brief.

OPINION

**FITZPATRICK, J.**—William A. Dale (claimant) appeals from a decision of the Workers' Compensation Commission (commission) granting the City of Newport News (employer) a set-off or credit against continuing and future liability under the Act, based on a third-party recovery. *See* Code § 38.2-2206(I). On appeal, claimant argues that the amount of credit or set-off is limited to those amounts actually paid by the self-insured employer as of the date judgment on the third-party claim was entered. We disagree.

The facts of this case are not in dispute. On November 12, 1986, claimant suffered a compensable injury by accident while operating an automobile owned by employer. Employer accepted the claim as compensable and paid medical and disability benefits. Claimant filed a third-party tort action against the uninsured motorist who caused the accident, and received a judgment of $550,000. Claimant asserted an independent action against em-

ployer for the amount that he was underinsured. The Supreme Court of Virginia ruled that employer's uninsured motorist liability under former Code § 46.1-395(b) was unlimited and held:

> that the City is liable for the payment of the remaining balance of the judgment in favor of Dale. The City shall be credited for the amount of workers' compensation benefits paid by it to Dale.

*Dale v. City of Newport News*, 243 Va. 48, 51-52, 412 S.E.2d 701, 702-03 (1992). Pursuant to the Supreme Court's mandate, employer remitted to claimant $424,205.98, the balance after setting off $75,794.02 for compensation and medical benefits previously paid to claimant.

■ Claimant argues, *inter alia*, that because he was required to assume the entire cost of the third-party litigation and recovery, that "[employer] has been returned to its pre-injury position and should be required to continue [claimant's] benefits." We must reject that portion of claimant's argument regarding the equity of apportioning litigation costs between claimant and his self-insured employer. "The General Assembly . . . recognize[d] a distinction in the financial implications of recovery from self-insurers and recovery from commercial insurers." *William v. City of Newport News*, 240 Va. 425, 432, 397 S.E.2d 813, 817 (1990).

■ This Court's function is not to pass on the wisdom of legislation. "Whether legislation is wise is a question for the General Assembly, and not [the Courts]." *City of Portsmouth v. City of Chesapeake*, 232 Va. 158, 163, 349 S.E.2d 351, 353 (1986). Rather, we must interpret statutes as written. *Continental Baking Co. v. City of Charlottesville*, 202 Va. 798, 805, 120 S.E.2d 476, 480 (1961). Therefore, we cannot provide for the apportionment of expenses and attorney's fees by expanding the scope of a self-insured employer's liability under the Act.

■ In this case of first impression, the sole issue to be decided is whether the employer is entitled to a set-off or credit against continuing and future benefits under the Workers' Compensation Act. The parties stipulated before the commission and on appeal that "the remaining $500,000 [of the third party judgment] was to be paid by the self-insured defendant employer 'less a credit and offset for the full amount of *all payments made by the City* [under]

the Workers' Compensation Act.' " *See Dale v. Newport News City Pub. Utils.*, No. 127-78-57, at 2 (VWC July 13, 1993) (emphasis added). Both parties argue that the appropriate disposition of this case is controlled by the current language of Code § 38.2-2206(I),[1] which provides, in part:

> in the event an employee of a self-insured employer receives a workers' compensation award for injuries resulting from an accident with an uninsured motor vehicle, *such award* shall be set off against any judgment for damages awarded pursuant to this section for personal injuries resulting from such accident.

*Id.* (emphasis added). "This provision allows the employer who self-insures his motor vehicles to set off an employee's workers' compensation payments against payments due for uninsured motorist protection." *William*, 240 Va. at 433, 397 S.E.2d at 818 (footnote omitted).

An award is defined as "the grant or denial of benefits or other relief under [the Act]," Code § 65.2-101, and necessarily encompasses the entire amount of medical and disability benefits due a claimant for a given injury. To hold that a self-insured employer was only entitled to a set-off or credit for the amount of compensation paid as of the date of judgment would allow the mere timing of litigation to control the extent of an employer's liability. In *Sheris v. Travelers Insurance Co.*, 491 F.2d 603 (4th Cir.), *cert. denied*, 419 U.S. 831 (1974), a case involving subrogation rights and apportionment of attorney's fees under former Code § 65.1-43, the United States Court of Appeals for the Fourth Circuit noted the irrationality of allowing the timing of litigation to affect the extent of a party's liability:

> Fortuities affecting the time required to bring . . . litigation to a successful conclusion determine[ ] in part the amount of compensation that remain[s] unpaid. But these fortuities,

[1] We note that the Supreme Court's opinion in *Dale v. City of Newport News*, 243 Va. 49, 51, 412 S.E.2d 701, 702 (1992), turned on the application of former Code § 46.1-395(b) as in effect on the date of the accident. In that case, the Supreme Court refused to apply the subsequent amendments to that statute retroactively. *See* Code § 46.2-368(B). Here, both parties have argued that this case is to be decided by applying the current language of Code § 38.2-2206(I), notwithstanding the obvious difference between the present statute and the statute in effect in November 1986.

similar to those attending all litigation, furnish no rational criteria for determining a just apportionment of the attorney's fee.

*Id.* at 608. We find that this reasoning is equally applicable to the case at bar, because the timing of a third-party recovery cannot be allowed to control the extent of a self-insured employer's right to set-off or credit pursuant to Code § 38.2-2206(I).

We agree with the commission that compensation awards are not static and remain subject to change based on the circumstances of each case. As such, we hold that Code § 38.2-2206(I) grants a self-insured employer a set-off against continuing and future workers' compensation liability. This provides claimant with one complete recovery without imposing upon the self-insured employer a double liability. Such application is consistent with the overall purpose of the Act and with the majority of other jurisdictions that have considered similar issues. *See* 2A Arthur Larson, *The Law of Workmen's Compensation* § 74.31(e) (1993) (stating that the excess of a third-party recovery over past compensation actually paid stands as a credit against future liability of the carrier).

For the reasons set forth above, we affirm the commission's decision suspending claimant's benefits.

*Affirmed.*

Moon, C.J., and Coleman, J., concurred.