**Norfolk**

CLINTON KEITH COOPER

v.

COMMONWEALTH OF VIRGINIA

No. 0136-85

Decided July 1, 1986

COUNSEL

William A. Hunt, for appellant.

John H. McLees, Assistant Attorney General (Gerald L. Baliles, Attorney General, on brief), for appellee.

OPINION

HODGES, J.—Clinton Keith Cooper was arrested on charges of statutory burglary and grand larceny. At the preliminary hearing the burglary charge was certified to the grand jury and the grand larceny charge was reduced to petit larceny. Appellant was convicted of petit larceny in the general district court and appealed the conviction to the circuit court. The burglary and the petit larceny charges were consolidated for trial in the Circuit Court. A jury acquitted appellant of the burglary charge, but found him guilty of petit larceny from which he now appeals. He alleges the trial court committed reversible error in granting instruction Number One requested by the Commonwealth which defined reasonable doubt.[1]

Alice McLaine testified that she returned to her residence in Newport News at about 2:00 a.m. on March 6, 1984. She occu-

---

[1] The Court instructs the jury that in considering whether or not the Commonwealth has met its burden of proving the guilt of the accused beyond a reasonable doubt, the Court instructs the jury that you should not overlook the word "reasonable" nor its meaning. A reasonable doubt is a doubt which is founded on reasons, that is to say, such a doubt as may be honestly and reasonably entertained as to any substantial and material fact essential to prove the offense charged, and is not to be confused with imaginable or possible doubt, for the law does not say that a man must be proved guilty beyond every imaginable, conceivable, or possible doubt.

In passing upon the sufficience of the proof of the charge, the jury must limit its consideration to the evidence presented at the trial of this case, including the natural and reasonable inferences to be drawn therefrom. The jury cannot go beyond such evidence to create doubt, nor can you go beyond such evidence to infer guilt.

Furthermore, the jury should bear in mind that any such doubt arising from lack of evidence, from conflicting testimony or from questionable proof of any particular fact, should be a doubt of a material fact essential to the proof of the guilt.

If, after a reasonable and honest consideration of all of the evidence, your minds are left in such a state of doubt as to prevent you from reaching a convinced belief of the guilt of the accused, then the Commonwealth has failed to meet its burden.

If, on the other hand, after an impartial and reasonable consideration of all the evidence in the case, you have an abiding conviction of the truth of the charge, you are then satisfied beyond all reasonable doubt.

pied one of two upstairs apartments in a four unit building. The downstairs apartments were vacant and being refurbished. Pursuant to the landlord's instructions, she locked the common entrance door downstairs after she entered.

A short time after her return, McLaine heard someone in the upstairs hall. She went out and observed "Fat Rat" Trible, who was known to her, at the top of the steps with a screwdriver in his hand. She inquired as to how he had made entry into the building. He responded that he was "looking for a dude named Michael." Trible then went downstairs and McLaine followed, opening the door to permit his exit. As she was relocking the door, an unknown subject came out of one of the downstairs apartments carrying a roll of carpet. She inquired about his purpose in the building and was told that he worked for the "rent man" and was removing the carpet at his employer's instruction. She had some further discussion with him and then observed him leave the building and load the carpet into a blue van.

The area was well lit and while the carpet was being loaded, she observed Cooper walk up to and enter the driver's side of the van. The van stayed there about five minutes. Because of the suspicious circumstances, McLaine had her daughter write down the license number of the vehicle.

Later that day a complaint of the burglary and theft was made to the police. Upon investigation the police discovered that there had been a forced entry into the building through a downstairs bathroom window. After checking the registration to the license plate number taken down by McLaine's daughter, officers confronted Cooper. He denied any knowledge of the burglary and denied having possessed or sold any carpet.

At trial, Cooper admitted that he was the driver of the van on the night in question. He said that "Fat Rat" Trible confronted him about buying some carpet. Trible claimed he was a former tenant in the apartment building and owner of the carpet. Cooper insisted that he had no knowledge that the carpet was stolen. He testified that he paid $15.00 for the carpet and sold it for $30.00.

The jury found Cooper not guilty of burglary, but convicted him of petit larceny. In this appeal we must determine whether the trial court's granting of instruction Number One defining rea-

sonable doubt constituted reversible error by incorrectly stating the law or confusing or misleading the jury. We hold that it did not and affirm.

■ Our rules provide that the court shall instruct the jury before counsel's closing arguments. *See* Rule 3A:16.

> The purpose of an instruction is to furnish guidance to the jury in their deliberations, and to aid them in arriving at a proper verdict, so far as it is competent for the court to assist them. The chief object contemplated in the charge of the judge is to explain the law of the case, to point out the essentials to be proved on the one side or the other, and to bring into view the relation of the particular evidence adduced to the particular issues involved. In his instructions the trial judge should inform the jury as to the law of the case applicable to the facts in such a manner that they may not be misled.

75 Am. Jur. 2d Trial § 573 (1974).

■ The identical question before us was addressed by the Supreme Court of Virginia in *Strawderman* v. *Commonwealth*, 200 Va. 855, 108 S.E.2d 376 (1959). In *Strawderman* the court said:

> Suffice it to say, as conceded by the accused, the instruction as given has been approved by this court. Hence, it was not error to give the instruction. It should be remembered, however, that on numerous occasions we have stated that instructions attempting to define reasonable doubt should be discouraged as it is highly probable that any definition devised would be less illuminating than the expression itself.

*Id.* at 858, 108 S.E.2d at 379 (citations omitted).

When we weigh the circumstances of this case, we cannot say the court committed reversible error by granting the instruction. Under the evidence, the jury could have found Cooper guilty of both charges. Apparently the jurors had a reasonable doubt as to Cooper's guilt on the charge of burglary which resulted in his acquittal. It is clear by its verdict that the jury concluded that the Commonwealth failed to sustain its burden to prove beyond a rea-

sonable doubt that Cooper was guilty of the breaking and entering. There was, however, sufficient evidence to prove that he possessed the carpet with knowledge that it was stolen. In view of the verdicts, we cannot say that the jury was misled or confused by the instruction. We agree with the Supreme Court's decision in *Westry* v. *Commonwealth*, 206 Va. 508, 514, 144 S.E.2d 427, 431 (1965) that a similar instruction "was neither helpful nor harmful, but not reversible error."

Notwithstanding our holding here, we agree with the long line of decisions which discourage attempts to define reasonable doubt in jury instructions. Under different circumstances the granting of such an instruction could constitute reversible error.

Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., concurred.

Barrow, J., dissenting.

We should do more than simply discourage instructions which attempt to define reasonable doubt. This practice has not worked in the past. Our Supreme Court not only attempted this in the *Strawderman* opinion, it also tried to convey a similar message in *Smith* v. *Commonwealth*, 155 Va. 1111, 1120, 156 S.E. 577, 580 (1931) and before that in *McCoy* v. *Commonwealth*, 133 Va. 731, 735, 112 S.E. 704, 705-06 (1922). Yet, after more than sixty years of discouragement we encounter still another case where a court granted an instruction purporting to define reasonable doubt.

Since the *Strawderman* decision a major reform in the drafting of jury instructions has occurred. In the late 1930's the model jury instruction movement began in this country. By the time the Virginia Model Jury Instructions were published in 1979, over forty states had approved model jury instructions. I Virginia Model Jury Instructions—Criminal 9 (1979). Research demonstrated that jurors did not sufficiently understand instructions. Strawn & Buchanan, *Jury Confusion: A Threat to Justice*, 59 Judicature 478, 480 (1978). This reform sought to assure that jury instructions would be written "in a simple style, readily understandable by a jury." Hames, *Pattern Jury Instructions*, 27 Mercer L. Rev.

291, 293 (1975).

The instruction given in this case ignores the accomplishments of that reformation. It was neither simple nor readily understandable. Its sentences were long and structurally complex. It contained conflicting, and therefore argumentative, definitions. It defined reasonable doubt variously as "a convinced belief of the guilt of the accused," "an abiding conviction of the truth of the charge," "a doubt which is founded on reason," and "a doubt as may be honestly and reasonably entertained." If these phrases convey different meanings, they are conflicting; if they convey the same meaning, they are repetitive. Either fault undermines the instruction's clarity. The instruction also was unnecessary. An instruction describing reasonable doubt from the Virginia Model Jury Instructions was given.[1] This was sufficient to properly advise the jury on the concept of reasonable doubt. The additional instruction only served as a platform for counsel's closing argument.

A clear understanding of reasonable doubt was important to the jury in this case. The jury had to decide whether the defendant knew the carpet was stolen or not. He said he did not know, and the evidence to the contrary was circumstantial. If the jury were confused about the meaning of reasonable doubt, it may have affected their verdict.

For these reasons I would reverse the judgment of conviction and remand this proceeding for a new trial.

---

[1] [The Commonwealth is required to prove] . . . each and every element of the offense beyond a reasonable doubt. This does not require proof beyond all possible doubt, nor is the Commonwealth required to disprove every conceivable circumstance of innocence. However, suspicion or probability of guilt is not enough for a conviction.

\* \* \*

A reasonable doubt is a doubt based on your sound judgment after a full and impartial consideration of all of the evidence in the case.