**Richmond**

THOMAS EDWARD BRUCE

v.

COMMONWEALTH OF VIRGINIA

No. 0504-88-2

Decided January 2, 1990

COUNSEL

Scott Goodman, for appellant.

Frank S. Ferguson, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—Thomas Edward Bruce was convicted by a jury of second degree murder and use of a sawed-off shotgun in the commission of murder. He contends that the trial judge erred: (1) in instructing the jury that, as a matter of law, the weapon used was a sawed-off shotgun; and (2) in refusing to consider a reduction in

the jury's recommended sentence. For the reasons that follow, we reverse the convictions and remand for a new trial.

Fred Scott and Bruce consumed a quantity of alcoholic beverages at Bruce's home and became engaged in an argument. Bruce picked up a handgun and shot into the floor at Scott's feet. As the argument escalated, Scott took the same handgun and threatened Bruce. Bruce then retreated to his bedroom, warning Scott not to follow. As Scott walked into the bedroom, Bruce reached for a shotgun and fired, fatally wounding Scott.

The trial judge instructed the jury in accordance with the Commonwealth's instruction fourteen, which stated: "The defendant is charged with the crime of using a sawed-off shotgun in the commission of a crime of violence. The Commonwealth must prove beyond a reasonable doubt that the defendant used a sawed-off shotgun in the commission of the crime of murder or manslaughter." Over Bruce's objection, the trial judge also gave the Commonwealth's instruction fifteen, which read: "Under the law, the weapon in this case was a sawed-off shotgun."

■ We agree with Bruce that the trial judge committed reversible error by giving instruction fifteen. In *Cooper v. Commonwealth*, 2 Va. App. 497, 345 S.E.2d 775 (1986), this Court stated that the chief objective of the charge to the jury is to explain the law relevant to the case, to point out the essentials to be proved by either side, and to "bring into view the relation of the particular evidence adduced to the particular issues involved." *Id.* at 500, 345 S.E.2d at 777. An instruction should not be given which incorrectly states the applicable law or which would be confusing or misleading to the jury. *See id.*

Code § 18.2-300(A) provides that "[p]ossession or use of a 'sawed-off' shotgun in the perpetration or attempted perpetration of a crime of violence is a Class 2 felony." In order to convict Bruce under this statute, which carries a more severe penalty than manslaughter or second degree murder, the Commonwealth was required to prove, as an element of its case, that the weapon used was a sawed-off shotgun. A "'sawed-off' shotgun" is statutorily defined as:

any weapon, loaded or unloaded, originally designed as a shoulder weapon, utilizing a self-contained cartridge from

which a number of ball shot pellets or projectiles may be fired simultaneously from a smooth or rifled bore by a single function of the firing device and which has a barrel length of less than eighteen inches for smooth bore weapons and sixteen inches for rifled weapons. Weapons of less than .225 caliber shall not be included.

Code § 18.2-299(1).

■ "In effectuating [the] presumption [of innocence], a criminal defendant is entitled to be clothed with indicia of innocence until . . . guilt is established by the trier of fact from the evidence presented at trial." *Vescuso v. Commonwealth*, 4 Va. App. 32, 40, 354 S.E.2d 68, 72, *aff'd*, 5 Va. App. 59, 360 S.E.2d 547 (1987). In order to satisfy the due process requirements of the Constitution, the Commonwealth is required to prove to the trier of fact all elements of the offense beyond a reasonable doubt. *Stokes v. Warden*, 226 Va. 111, 117, 306 S.E.2d 882, 885 (1983). Whether the weapon met the statutory definition was a factual issue for the jury to decide.

The Commonwealth argues that instruction fourteen cured the defect. We disagree. By instructing the jury both that the Commonwealth was required to prove beyond a reasonable doubt the use of a sawed-off shotgun and that this same issue to be proved was resolved as a matter of law, the trial judge gave directions that, at best, could only have served to confuse the jurors. Common sense suggests, however, the likelihood that the jury understood instruction fifteen to be a direction, "[u]nder the law," that the requirement of instruction fourteen had been met by the Commonwealth's proof.

■ The Commonwealth's contention that the error was harmless also lacks merit. "Error will be presumed prejudicial unless it plainly appears that it could not have affected the result." *Joyner v. Commonwealth*, 192 Va. 471, 477, 65 S.E.2d 555, 558 (1951). In instructing the jury to treat the question as established as a matter of law, the trial judge removed from the Commonwealth both the burden of proof and the risk of nonpersuasion on this essential element of the crime. Moreover, as the jury ultimately convicted Bruce of the shotgun charge and recommended a life sentence, the maximum allowable under the statute, it is evident that the error was not harmless beyond a reasonable doubt. *See*

*Jones v. Commonwealth*, 218 Va. 732, 737, 240 S.E.2d 526, 529 (1978)("error in a criminal case will require reversal of a conviction unless the error is harmless beyond a reasonable doubt").

We briefly address Bruce's second argument on appeal because the issue may occur on retrial and because we consider the error to be substantial. After the jury recommended a sentence of twenty years on the murder conviction and a life sentence on the conviction of use of a sawed-off shotgun in the commission of the murder, the trial judge refused to modify the jury's recommended penalty and stated:

> I have no right as the sitting judge under the Constitution of Virginia and the laws made pursuant thereto to interfere with the jury, to take a case away from the jury such as this unless it is outside of the scope of the law so as to be shocking to the conscience.
>
> * * *
>
> If I thought the verdict was bad I wouldn't reduce the penalty, I'd set the verdict aside and order a new trial. That's the way I proceed.

These comments reflect misunderstanding of the trial judge's role as final arbiter in determining whether the jury's recommended sentence should be imposed.

> [T]he punishment as fixed by the jury is not final or absolute, since its finding on the proper punishment is subject to suspension by the trial judge, in whole or in part, on the basis of any mitigating facts that the convicted defendant can marshal. The verdict of the jury is the fixing of maximum punishment which may be served. Under such practice, the convicted criminal defendant is entitled to "two decisions" on the sentence, one by the jury and the other by the trial judge in the exercise of his statutory right to suspend; his "ultimate sentence . . . does not [therefore] rest with the jury" alone but is always subject to the control of the trial judge. This procedure makes the jury's finding little more than an advisory opinion or first-step decision. Any criticism of jury sentencing because it lacks the objectivity and principled decision of a judge is thus overcome by the existence of the power in the trial judge to bring his so-called superior judg-

ment to bear upon the issue of proper punishment in reaching his decision whether to suspend the sentence or not.

*Duncan v. Commonwealth*, 2 Va. App. 342, 345, 343 S.E.2d 392, 394 (1986) (quoting *Vines v. Muncy*, 553 F.2d 342, 349 (4th Cir.), *cert. denied*, 434 U.S. 851 (1977)). The trial judge is vested with the responsibility of considering mitigating circumstances and pronouncing sentence after the maximum punishment is fixed by the jury. *Duncan*, 2 Va. App. at 345, 343 S.E.2d at 394. Failure to consider whether a jury sentence should be mitigated because of a belief that the jury sentence is inviolable is an abuse of discretion. The trial judge's procedure of "set[ting] the verdict aside and order[ing] a new trial" only when the trial judge "thought the verdict was bad" does not satisfy the trial judge's obligation to temper the jury's sentence, short of granting a new trial, when warranted by mitigating evidence.

For the foregoing reasons, the convictions are reversed and the case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Duff, J., and Cole, J., concurred.