COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Felton and Kelsey
Argued at Richmond, Virginia


THOMAS CLINTON MOUBERRY
                                          OPINION BY
v.    Record No. 2997-01-2        JUDGE D. ARTHUR KELSEY
                                        JANUARY 21, 2003
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF GREENE COUNTY
                    Daniel R. Bouton, Judge

          Helen E. Phillips for appellant.

          Margaret W. Reed, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on
          brief), for appellee.


     On August 28, 2001, a jury convicted the appellant, Thomas

Clinton Mouberry, of possessing a firearm after having been

convicted of a felony in violation of Code § 18.2-308.2(A).  The

trial judge instructed the jury on the mandatory two-year minimum

sentence prescribed by Code § 18.2-308.2(A), and the jury fixed

Mouberry's punishment at two years in prison.

     Mouberry contends that the trial judge erred by instructing

the jury on the mandatory minimum penalty provisions of Code

§ 18.2-308.2(A).  Instead, Mouberry argues, the court should have

instructed the jury on the general sentencing options for a Class

6 felony as set forth in Code § 18.2-10(f).  Mouberry further

insists that the trial court erred by imposing the jury's

recommended sentence and by not reducing it below the mandatory minimum term dictated by Code § 18.2-308.2(A). Finding Mouberry's arguments meritless, we affirm.

I.

On September 10, 2000, a sheriff's deputy stopped Mouberry on a routine traffic investigation and noticed a .22 caliber rifle behind the seat of the vehicle he was operating. While checking Mouberry's license, the deputy learned that he had a prior non-violent felony conviction. Mouberry was charged with the illegal possession of a firearm by a felon. See Code § 18.2-308.2(A).

During the sentencing phase of the trial, the trial court instructed the jury to "fix the defendant's punishment at: (1) A specific term of imprisonment, but not less than two (2) years nor more than five (5) years." This instruction took into account the statutory two-year mandatory minimum sentence required by Code § 18.2-308.2(A). The relevant portion of the statute provides:

> It shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm . . . . Any person who violates this section shall be guilty of a Class 6 felony. However, any person who violates this section by knowingly and intentionally possessing or transporting any firearm and who was previously convicted of a violent felony as defined in § 17.1-805 shall not be eligible for probation, and shall be sentenced to a minimum, mandatory term of imprisonment of five years. Any person who violates this section by

-

knowingly and intentionally possessing or
transporting any firearm and who was
previously convicted of any other felony
shall not be eligible for probation, and
shall be sentenced to a minimum, mandatory
term of imprisonment of two years.  The
minimum, mandatory terms of imprisonment
prescribed for violations of this section
shall not be suspended in whole or in part
and shall be served consecutively with any
other sentence.

Code § 18.2-308.2(A).  Mouberry objected to the sentencing

instruction, arguing that Code § 18.2-308.2(A) defines this

offense as a Class 6 felony and thus the instruction should give

the jury the option to recommend incarceration at any level less

than five years — the range prescribed for Class 6 felonies by

Code § 18.2-10(f).[1]

_____

[1] Mouberry's alternative sentencing instruction tracks Code
§ 18.2-10(f).

You have found the defendant guilty of the
felony of possessing a firearm after having
been convicted of a felony.  Upon
consideration of all the evidence you have
heard, you shall fix the defendant's
punishment at:

(1)  A specific term of imprisonment, but
     not less than one (1) year nor more
     than five (5) years; or
(2)  Confinement in jail for a specific
     time, but not more than twelve (12)
     months; or
(3)  A fine of a specific amount, but not
     more than $2,500.00; or
(4)  Confinement in jail for a specific
     time, but not more than twelve (12)
     months, and a fine of a specific
     amount, but not more than $2,500.00.

-

After reviewing Code § 18.2-308.2(A), the trial court refused Mouberry's instruction and overruled his objections to the Commonwealth's instruction. The trial judge stated that

> although the offense is generally identified as a Class Six felony, the language of the statute clearly indicates the intention of the legislature that in cases of this nature . . . the mandatory minimum term of imprisonment two years would have to take precedence over any other type of punishment provided for in the general provision of Class Six felonies.

After receiving the Commonwealth's instruction authorizing an incarceration term between two to five years, the jury fixed punishment at two years.

At the sentencing hearing, the trial judge reiterated that "the discretion of the court is either nonexistent or limited severely" given the mandatory minimum term. "The law is such that the legislature has determined that a mandatory minimum of two years is the appropriate minimum punishment for a sentence for an offense of this type and the jury, in effect, has evaluated it on that basis." Disagreeing with the trial court's interpretation, Mouberry appeals.

## II.

When reviewing jury instructions, an appellate court must ensure that the law has been "clearly stated" and that the "instructions cover all issues" fairly raised by the evidence. Tice v. Commonwealth, 38 Va. App. 332, 339, 563 S.E.2d 412, 416

-

(2002) (citation omitted); see also Arnold v. Commonwealth, 37 Va. App. 781, 787, 560 S.E.2d 915, 917 (2002); Hudspith v. Commonwealth, 17 Va. App. 136, 137, 435 S.E.2d 588, 589 (1993). A trial court should instruct the jury, when requested to do so, "'on all principles of law applicable to the pleadings and the evidence.'" Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979) (quoting Taylor v. Commonwealth, 186 Va. 587, 592, 43 S.E.2d 906, 909 (1947)). An instruction that provides "a correct statement of the law is one of the 'essentials of a fair trial.'" Hucks v. Commonwealth, 33 Va. App. 168, 174, 531 S.E.2d 658, 616 (2000) (quoting Dowdy, 220 Va. at 116, 255 S.E.2d at 508). No instruction should be given that "incorrectly states the applicable law or which would be confusing or misleading to the jury." Bruce v. Commonwealth, 9 Va. App. 298, 300, 387 S.E.2d 279, 280 (1990).

A.

Mouberry argues that he was "entitled to have the jury instructed on the full range of punishment for a Class 6 felony and to have the sentencing court consider the same range of punishment." This conclusion follows, Mouberry asserts, from the fact that "the General Assembly did not remove language which specified the class of the offense, when it amended § 18.2-308.2 in 1999." Put another way, Mouberry contends that the language defining the offense as a Class 6 felony generates an ambiguity in

-

the language of the statute, which, in turn, creates a conflict between Code §§ 18.2-10(f) and 18.2-308.2(A).  From there, Mouberry invites us to resolve the ambiguity by invalidating the conflicting portions of § 18.2-308.2(A) and by ruling that the general sentencing provisions of § 18.2-10(f) control.

Absent an ambiguity in the statutory language, "there is no room for interpretation."  Chesapeake Hosp. Auth. v. Commonwealth, 262 Va. 551, 562, 554 S.E.2d 55, 60 (2001) (citing Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985)).[2]  An ambiguity exists only "when the language is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness."  Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985).  In other words, statutory language "'is ambiguous if it admits of being understood in more than one way or refers to two or more things simultaneously.'"  Gen. Trading v. Motor

---

[2] We place less faith in the canons of construction than Mouberry apparently does.  "For one thing, canons are not mandatory rules."  Chickasaw Nation v. United States, 534 U.S. 84, 94 (2001).  "They are guides that 'need not be conclusive.'"  Id. (quoting Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 115 (2001)).  Indeed, specific canons "are often countered . . . by some maxim pointing in a different direction."  Id.  Consequently, canons of construction are merely "designed to help judges determine the Legislature's intent as embodied in particular statutory language."  Id.  Where that intent appears obvious upon a plain reading of the statute, canons of construction play an unnecessary role in the interpretative task.  Virginia courts, therefore, "do not resort to the rules of statutory interpretation where, as here, language contained in a statute is free from ambiguity."  Wilder v. Attorney Gen., 247 Va. 119, 124, 439 S.E.2d 398, 401 (1994).

–

Vehicle Dealer Bd., 28 Va. App. 264, 269, 503 S.E.2d 809, 812 (1998) (quoting Brown, 229 Va. at 321, 330 S.E.2d at 87).

When the General Assembly uses "words of a plain and definite import, courts cannot assign to them a construction that would be tantamount to holding that the General Assembly intended something other than that which it actually expressed." Mozley v. Prestwould Bd. of Dirs., 264 Va. 549, 554, 570 S.E.2d 817, 820 (2002) (citations omitted); Lee County v. Town of St. Charles, 264 Va. 344, 348, 568 S.E.2d 680, 682 (2002). The words of a statute should be given "their common, ordinary and accepted meaning" absent a contrary intent by the legislature. Germek v. Germek, 34 Va. App. 1, 8, 537 S.E.2d 596, 600 (2000) (citation omitted).

In our view, Mouberry finds an ambiguity in Code § 18.2-308.2(A) where none exists. After generally classifying the offense as a "Class 6 felony," the very next word in the statute is "However."[3] It could have just as easily been "provided that" or "but" or "in any event." A general proposition has been stated and on its heels comes a specific exception. Here, the exception mandates two tiers of minimum, mandatory sentences: a two-year term for prior non-violent felonies, and a five-year term for prior violent felonies. Code § 18.2-308.2(A),

---

[3] See generally American Heritage Dictionary 626 (2d College ed. 1985) (as a conjunction, "however" denotes "1. Nevertheless; yet" and "2. Although; notwithstanding that").

-

therefore, does not contradict Code § 18.2-10(f).  In complete harmony, the former simply qualifies the latter.

Indeed, in 1999, the General Assembly amended Code § 18.2-308.2(A) to ensure that no legitimate confusion could exist on this subject.  See 1999 Va. Acts, ch. 829.  Prior to the 1999 amendment, the third sentence of subsection (A) provided that a "violation of this section shall be punishable as Class 6 felony." (Emphasis added).  The 1999 amendment changed the text of this sentence to state that any "person who violates this section shall be guilty of a Class 6 felony."  (Emphasis added).  In the remainder of the statute, the 1999 amendment made clear that the offense would nonetheless be punishable pursuant to one of two mandatory minimum terms.  Id.; see also Askew v. Commonwealth, 38 Va. App. 718, 725-26, 568 S.E.2d 403, 407 (2002) (similar analysis governs Code § 18.2-308.4's mandatory minimum terms).

By urging us to find § 18.2-308.2(A) ambiguous or in conflict with other statutes, Mouberry invites us to render substantial portions of Code § 18.2-308.2(A) meaningless.  To be sure, if followed through to its conclusion, the argument would mandate that we nullify the mandatory sentence requirement.  An extraordinary request by any measure, Mouberry's argument presupposes a power in the judiciary that simply does not exist. "Any such change to the statute must be a legislative, rather than a judicial, undertaking."  Vaughn, Inc. v. Beck, 262 Va. 673, 679,

-

554 S.E.2d 88, 91 (2001) (citation omitted).  "Interpretations that 'rewrite statutes' are not permitted."  Johnson v. Commonwealth, 37 Va. App. 634, 640, 561 S.E.2d 1, 4 (2002) (quoting Frias v. Commonwealth, 34 Va. App. 193, 199, 538 S.E.2d 374, 376 (2000)).

Mouberry also argues that § 18.2-14 conflicts with the trial court's construction of the punishment provisions of § 18.2-308.2(A).  Section 18.2-14 provides that offenses "for which punishment is prescribed without specification as to the class of the offense, shall be punished according to the punishment prescribed in the section or sections thus defining the offense."  Because § 18.2-308.2(A) is an offense for which punishment is prescribed with specification as to the class of the offense, Mouberry argues, § 18.2-14 requires that it not be punished according to the punishment prescribed in the section defining the statute.  For two reasons, we disagree.  First, Code § 18.2-14 applies only to those statutes not containing a specific offense class.  Second, in any event, Code § 18.2-14 does not address situations where, as here, a statute includes both an offense class and a prescribed punishment.

B.

The plain meaning of Code § 18.2-308.2(A) also undermines Mouberry's second argument, that the trial court erred at the sentencing hearing by imposing the mandatory minimum term rather

-

than considering lesser options available under Code § 18.2-10(f). The trial court correctly held that its discretion to impose a sentence below Code § 18.2-308.2(A)'s mandatory two-year term was "nonexistent."  See generally In re: Commonwealth of Virginia, 229 Va. 159, 163, 326 S.E.2d 695, 697 (1985) ("Clearly, therefore, by prescribing a mandatory sentence, the General Assembly has divested trial judges of all discretion respecting punishment.").

We acknowledge that "many question the wisdom of mandatory minimum sentencing."  Harris v. United States, 536 U.S. ___, ___, 122 S. Ct. 2406, 2420 (2002).  Concerns about the "'propriety, wisdom, necessity and expediency'" of legislation, however, can only be resolved by the legislative branch of government.  Willis v. Mullett, 263 Va. 653, 658, 561 S.E.2d 705, 709 (2002) (quoting City of Richmond v. Fary, 210 Va. 338, 346, 171 S.E.2d 257, 263 (1969)).  "This Court's function is not to pass on the wisdom of legislation."  Dale v. City of Newport News, 18 Va. App. 800, 802, 447 S.E.2d 878, 879 (1994).

III.

In sum, the trial court properly instructed the jury to recommend a sentence no lower than the two-year mandatory minimum term required by Code § 18.2-308.2(A).  The trial court also did not err in imposing the two-year sentence recommended by the jury.

Affirmed.

-