COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Overton
Argued at Chesapeake, Virginia


PHILLIP ERIC COWELL

                                        MEMORANDUM OPINION* BY
v.       Record No. 3198-03-1         JUDGE JEAN HARRISON CLEMENTS
                                            FEBRUARY 1, 2005
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                        Johnny E. Morrison, Judge

            Andrew Kolp, Assistant Public Defender (Office of the Public
            Defender, on brief), for appellant.

            Alice T. Armstrong, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Phillip Eric Cowell was convicted in a jury trial of domestic assault and battery, third

offense, a felony, in violation of Code § 18.2-57.2.[1]  On appeal, Cowell contends the trial court

erred in refusing to grant his proposed jury instruction defining the term "cohabitation."  Finding no

error, we affirm the trial court's judgment and Cowell's conviction.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] We note that the sentencing order erroneously recites that the felony offense of
"domestic asault [sic] and bettery [sic] (third offense)" is a violation of Code § "18.2-57.21 [sic]."

I.  BACKGROUND

The relevant facts in this appeal are not in dispute.  Lakelia Phonville met Cowell in May 2002.  In June, Phonville moved into an efficiency-style room at the In Town Suites hotel with Cowell.  They lived there together through the summer.  At the end of the summer, Cowell moved into the Union Mission and Phonville went to live at her mother's house "until [an] apartment came through" for them.

In mid-November 2002, Phonville and Cowell moved into a one-bedroom duplex apartment at 1313 Hoover Street in Portsmouth.  Phonville intended to "make a life" with Cowell.  The lease for the apartment was in Cowell's name, and he was solely responsible for payment of the rent, utilities, and food.  Phonville cooked their meals, and the couple shared responsibility for the upkeep of the apartment.  Cowell relied on Phonville to take him to work and encouraged her to quit her job to "stay home."  Phonville and Cowell socialized together and were intimate.  Phonville was faithful to Cowell during their relationship, although she did not know whether he was faithful to her.  Phonville lived continuously at the apartment with Cowell as "a couple" through December 1, 2002.

On December 1, 2002, Cowell, who appeared to have been drinking, came home in the "late night hours" and, during the course of a series of events, assaulted and battered Phonville.

Cowell was subsequently indicted for committing assault and battery against a family or household member, third offense, in violation of Code § 18.2-57.2.  At the close of the Commonwealth's case at trial, Cowell moved to strike the Commonwealth's evidence.  Relying on Rickman v. Commonwealth, 33 Va. App. 550, 535 S.E.2d 187 (2000), Cowell claimed there was insufficient evidence to prove that he and Phonville were "cohabiting" at the time of the alleged offense or that they had cohabited within the previous twelve months.  Specifically, Cowell argued:

> There were several factors that the Court could consider when deciding this issue.  The Rickman case broke it down to two

> categories really, sharing financial resources/responsibilities and the second one was consortium.
>
> Under the first factor, the financial resources, Rickman talks about provisions for shelter, food, utilities, and commingled assets. Under the consortium element, the Rickman case talks about evidence of mutual respect, fidelity, affection, cooperation, solace, comfort, aid of each other, friendship, and any kind of conjugal relations. The Rickman case also talks about the length and continuity of the relationship as well.
>
> Based on the financial relationship, the length of the relationship, the issue of any commingling of assets between the two, looking at those factors and the other factors mentioned, we did not feel there was sufficient evidence of cohabitation . . . .

The trial court denied Cowell's motion to strike.

At the conclusion of the evidence, the trial court instructed the jury that, to establish Cowell's guilt with respect to the offense of assault and battery against a family or household member, the Commonwealth had to prove beyond a reasonable doubt that Phonville was "an individual who was cohabiting with, or who, within the previous twelve months (12) months, cohabited with [Cowell]." Without argument by Cowell or explanation by the trial court on the record, the trial court refused to grant Cowell's "Instruction No. A," which read:

> While determining whether the Defendant and Lakelia Phonville cohabited, you may consider whether any provisions were made between the Defendant and Lakelia Phonville establishing shelter, food, clothing and utilities. Additionally, you may consider whether there were any co-mingled assets between the two. Additionally, you may consider the levels of mutual respect, fidelity, affection, society, co-operation, solace, comfort, aid between the two, friendship, and any conjugal relations. Additionally, you may consider the length and continuousness of the relationship.

The jury convicted Cowell of domestic assault and battery, third offense, and this appeal followed.

## II. ANALYSIS

The version of Code § 18.2-57.2(B) applicable to this case provides, in pertinent part, as follows:

> On a third or subsequent conviction for assault and battery against a family or household member, where it is alleged . . . that

- 3 -

(i) such person has been previously convicted twice of assault and battery against a family or household member, or of a similar offense under the law of any other jurisdiction, within ten years of the third or subsequent offense, and (ii) each such assault and battery occurred on different dates, such person shall be guilty of a Class 6 felony.

Code § 18.2-57.2(D) incorporates the definition of "family or household member" set forth in Code § 16.1-228. Pursuant to that definition, "any individual who cohabits or who, within the previous twelve months, cohabited with the person" is a "[f]amily or household member." Code § 16.1-228.

On appeal, Cowell contends the trial court erred in refusing to give his proposed jury instruction "A," which was proffered "to aid the jury" in determining whether he and Phonville were cohabiting at the time of the alleged offense or had cohabited within the previous twelve months of the alleged offense. In support of his contention, Cowell argues solely that the proposed jury instruction "mirrored the considerations to be taken into account when defining [the] term ["cohabitation"] as laid out by [this Court] in . . . Rickman."

Assuming, as Cowell's argument implies, that Rickman establishes what constitutes "cohabitation" within the meaning of Code § 18.2-57.2, we hold that the trial court did not abuse its discretion in refusing to give Cowell's proposed jury instruction "A," because that instruction does not provide a proper statement of the applicable law set forth in Rickman and would, thus, confuse or mislead the jury.

"The trial judge has broad discretion in giving or denying instructions requested." Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (en banc). "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). "[A] correct statement of the law is one of the "'essentials of a fair trial."'" Id. (quoting Dowdy v. Commonwealth, 220 Va. 114, 116, 255

- 4 -

S.E.2d 506, 508 (1979) (quoting Limbaugh v. Commonwealth, 149 Va. 383, 400, 140 S.E. 133, 138 (1927))).  "No instruction should be given that 'incorrectly states the applicable law or which would be confusing or misleading to the jury.'"  Mouberry v. Commonwealth, 39 Va. App. 576, 582, 575 S.E.2d 567, 569 (2003) (quoting Bruce v. Commonwealth, 9 Va. App. 298, 300, 387 S.E.2d 279, 280 (1990)).

In determining in Rickman whether the evidence was sufficient to sustain the defendant's conviction for domestic assault and battery under Code § 18.2-57.2, we noted that "'[t]he essential elements of "cohabitation" are (1) sharing of familial or financial responsibilities and (2) consortium.'"  33 Va. App. at 557, 535 S.E.2d at 191 (quoting State v. Williams, 683 N.E.2d 1126, 1130 (Ohio 1997)).  We also noted that "'[p]ossible factors establishing shared familial or financial responsibilities might include provisions for shelter, food, clothing, utilities, and/or commingled assets'" and that "'[f]actors that might establish consortium include mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations.'"  Id. (quoting Williams, 683 N.E.2d at 1130).  "Other factors appropriate for consideration," we added, "include the length and continuity of the relationship," as well its "permanency."  Id. at 557-58, 535 S.E.2d at 191.  We further noted, however, that "'domestic violence arises out of the nature of the relationship itself, rather than the exact living circumstances of the victim and perpetrator'" and emphasized that "[t]he factors to be applied '*are unique to each case* and how much weight, *if any*, to give to each of these factors must be decided on a case-by-case basis by the trier of fact.'"  Id. at 557, 535 S.E.2d at 191 (first emphasis added) (quoting Williams, 683 N.E.2d at 1129-30 (second emphasis added)).  In other words, the factors set forth in Rickman are neither binding nor exclusive.  They merely provide guidance in assessing the relationship between the abuser and the victim; other factors may be considered in making that assessment.  Thus, as we indicated in Rickman, the trier of fact must employ a

"totality-of-the-circumstances analysis" to determine whether the victim of the assault and battery and the defendant "cohabited," "as that term is used in Code § 18.2-57.2." Id. at 558, 535 S.E.2d at 191.

In this case, Cowell's proposed jury instruction "A" fails to inform the jury that it is required to consider the totality of the circumstances in determining whether Cowell and Phonville were cohabiting at the time of the assault and battery or had cohabited during the preceding twelve months. Similarly, the proposed instruction fails to inform the jury that the two requisite elements of cohabitation "'are (1) sharing of familial or financial responsibilities and (2) consortium.'" Id. at 557, 535 S.E.2d at 191 (quoting Williams, 683 N.E.2d at 1130). Instead, the proposed instruction focuses the jury's attention on specific factors without drawing any connection between those factors and the requisite elements and without advising the jury that it must consider all the evidence in reaching a verdict. Thus, rather than elucidating the term "cohabitation" for the jury, as Cowell claims, proposed instruction "A" serves only to confuse the meaning of the term and mislead the jury into believing it may consider only the specific factors listed in the instruction, rather than the totality of the circumstances. Such an approach violates the clear mandate of Rickman that each case must be evaluated on its own unique facts. 33 Va. App. at 557, 535 S.E.2d at 191.

We conclude, therefore, that, because proposed jury instruction "A" "'incorrectly states the applicable law and would be confusing or misleading to the jury,'" the trial court did not abuse its discretion in refusing to give that instruction. Mouberry, 39 Va. App. at 582, 575 S.E.2d at 569 (quoting Bruce, 9 Va. App. at 300, 387 S.E.2d at 280). Accordingly, we affirm Cowell's conviction.

Affirmed.