COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Felton


LAURISTON EUGENE McPHERSON

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2579-04-1                  JUDGE ROBERT P. FRANK
                                                MARCH 14, 2006

COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                              Stephen C. Mahan, Judge

            (Ben Pavek; Office of the Public Defender, on brief), for appellant.
            Appellant submitting on brief.

            (Judith Williams Jagdmann, Attorney General; Donald E. Jeffrey, III,
            Assistant Attorney General, on brief), for appellee.  Appellee
            submitting on brief.


        Lauriston Eugene McPherson, appellant, was convicted by a jury of possession of marijuana

with the intent to distribute, in violation of Code § 18.2-248.1(a), and with conspiracy to possess

marijuana with the intent to distribute, in violation of Code § 18.2-256.

        Appellant contends that during the penalty phase of his jury trial, the trial court erred in

refusing appellant's proposed instruction permitting the jury to sentence appellant as an

accommodator on the conspiracy charge, thereby allowing the jury to punish him for a Class 1

misdemeanor.  For the reasons stated, we affirm his convictions.

                                          ANALYSIS

        "'The trial judge has broad discretion in giving or denying instructions requested.'" Gaines

v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (en banc) (quoting John L.

Costello, Virginia Criminal Law and Procedure § 60.6-8, 810 (2d ed. 1995)).  "A reviewing

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). A correct statement of the law applicable to the case is essential to a fair trial. Darnell, 6 Va. App. at 488, 370 S.E.2d at 719. "No instruction should be given that 'incorrectly states the applicable law or which would be confusing or misleading to the jury.'" Mouberry v. Commonwealth, 39 Va. App. 576, 582, 575 S.E.2d 567, 569 (2003) (quoting Bruce v. Commonwealth, 9 Va. App. 298, 300, 387 S.E.2d 279, 280 (1990)).

"On appeal, when the issue is a refused jury instruction, we view the evidence in the light most favorable to the proponent of the instruction." Lynn v. Commonwealth, 27 Va. App. 336, 344, 499 S.E.2d 1, 4-5 (1998), aff'd, 257 Va. 239, 514 S.E.2d 147 (1999). "A party is entitled to have the jury instructed according to the law favorable to his or her theory of the case if evidence in the record supports it." Foster v. Commonwealth, 13 Va. App. 380, 383, 412 S.E.2d 198, 200 (1991).

Assuming without deciding that the trial court erred in not instructing the jury on accommodation conspiracy, we conclude that error was harmless. An error is harmless "if a reviewing court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same." Lavinder v. Commonwealth, 12 Va. App. 1003, 1006, 407 S.E.2d 910, 911 (1991) (*en banc*).

Our decision in Turner v. Commonwealth, 23 Va. App. 270, 476 S.E.2d 504 (1996), aff'd, 255 Va. 1, 492 S.E.2d 447 (1997), controls.

> [W]here the reviewing court is able to determine that the trial court's error in failing to instruct the jury could not have affected the verdict, that error is harmless. Such a determination can be made where it is evident from the verdict that the jury would have necessarily rejected the lesser-included offense on which it was not instructed.

Id. at 276, 476 S.E.2d at 507 (citation omitted).

In <u>Turner</u>, we affirmed a conviction in which, in a first-degree murder trial, the trial court refused to instruct the jury on voluntary manslaughter. <u>Id.</u> at 278, 476 S.E.2d at 508. We held that by finding the accused guilty of first-degree murder, the jury necessarily rejected the accused's theory of voluntary manslaughter, i.e., that the homicide was not done maliciously but in the heat of passion. <u>Id.</u> at 277-78, 476 S.E.2d at 508.

Here, at sentencing, the jury was instructed on accommodation with respect to the possession of marijuana with the intent to distribute, a misdemeanor offense. The jury rejected the accommodation argument and convicted appellant of the felony.[1]

Clearly, the issue of accommodation was before the jury. The jury rejected that argument. Both the charges of possession with intent to distribute and conspiracy to distribute marijuana arose from the same underlying facts. Had the jury been instructed on accommodation in the conspiracy charge, it follows the jury would have rejected that argument as well. We can conclude, without unsurping the jury's role as fact finder, that had the jury been instructed on accommodation in the conspiracy charge, the sentencing verdict would have been the same.

Accordingly, any error was harmless. Therefore, we will not reverse appellant's conviction, as any error regarding the proposed accommodation instruction was harmless.

<u>Affirmed.</u>

---

[1] The verdict form provided in part:

_____, We, the jury, having found the defendant GUILTY of Possession of Marijuana with the Intent to Distribute fix his punishment at: 1 year imprisonment.
                              OR
_____, We, the jury, having found the defendant GUILTY of Possession of Marijuana with the Intent to Distribute as an accommodation fix his punishment at: _____.

The jury inserted an "X" in the first blank.