COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Haley
Argued at Richmond, Virginia


MORGAN WHITNEY TOLER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2773-06-3             JUDGE ROBERT P. FRANK
                                                         JUNE 10, 2008

COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                          Mosby G. Perrow, III, Judge

          G. Edgar Dawson, III (Petty, Livingston, Dawson & Richards, P.C.,
          on brief), for appellant.

          J. Robert Bryden, II, Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


        Morgan Whitney Toler, appellant, was convicted, in a jury trial, of one count of aggravated

malicious wounding in violation of Code § 18.2-51.2.  On appeal, she contends the trial court erred

in granting a jury instruction defining physical impairment as "any physical condition, anatomic

loss, or cosmetic disfigurement which is caused by bodily injury, birth defect, or illness."  She also

contends the evidence was insufficient to sustain her conviction.  For the reasons stated, we affirm

the trial court.

                                        ANALYSIS

     Appellant was charged with aggravated malicious wounding in violation of

Code § 18.2-51.2, which provides in relevant part:

          A.  If any person maliciously shoots, stabs, cuts or wounds any
          other person, or by any means causes bodily injury, with the intent
          to maim, disfigure, disable or kill, he shall be guilty of a Class 2

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

felony if the victim is thereby severely injured and is caused to suffer permanent and significant physical impairment.

Over appellant's objection, the trial court granted Instruction Number 6, which stated:

Physical impairment is defined as any physical condition, anatomic loss, or cosmetic disfigurement which is caused by bodily injury, birth defect, or illness.

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). "No instruction should be given that 'incorrectly states the applicable law or which would be confusing or misleading to the jury.'" Mouberry v. Commonwealth, 39 Va. App. 576, 582, 575 S.E.2d 567, 569 (2003) (quoting Bruce v. Commonwealth, 9 Va. App. 298, 300, 387 S.E.2d 279, 280 (1990)). "The evidence to support an instruction 'must be more than a scintilla.'" Frye v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986) (quoting LeVasseur v. Commonwealth, 225 Va. 564, 590, 304 S.E.2d 644, 658 (1983)). When determining whether sufficient evidence warranted a particular instruction, we view the evidence in the light most favorable to the party offering the instruction. Foster v. Commonwealth, 13 Va. App. 380, 383, 412 S.E.2d 198, 200 (1991).

Appellant argues that the jury was not properly instructed because A.B., the victim, did not suffer cosmetic disfigurement as a permanent and significant injury. We disagree.

In the context of Code § 18.2-51.2, this Court has previously defined "physical impairment" as "any physical condition, anatomic loss, or cosmetic disfigurement which is caused by bodily injury, birth defect, or illness." See Newton v. Commonwealth, 21 Va. App. 86, 90, 462 S.E.2d 117, 119 (1995) (adopting the definition from Title 51.5 of the Code entitled Persons with Disabilities). See also Martinez v. Commonwealth, 42 Va. App. 9, 24, 590 S.E.2d 57, 64 (2003). Thus, the jury instruction, which quotes the language in Newton, is clearly a

correct statement of the law. The relevant inquiry, then, is whether the evidence supports granting of such an instruction. We find that it does.

Appellant stabbed A.B. twice in the abdomen and once in the leg. Dr. John Gugliemette, who treated A.B. in the emergency room, testified that the stab wounds were "very serious," with both abdominal wounds penetrating the abdominal cavity and puncturing A.B.'s stomach. Both wounds caused internal bleeding and required emergency surgery, which left a large incision scar down the middle of A.B.'s abdomen. According to Dr. Gugliemette, the scar will "remodel itself over time," but it will never go away. Dr. Gugliemette further testified that the wound in A.B.'s thigh was "a fairly deep wound . . . and it was almost down to the bone . . . ." He opined that it was "extremely likely" that some sensory nerves in A.B.'s leg were severed by the injury.

A.B. testified that she still has random spasms in her abdominal muscles lasting from five to thirty minutes at a time. She walks with a limp, and her leg is constantly numb from her thigh to her kneecap where appellant cut the nerves in her leg. While admitting it was impossible to say whether A.B. would ever fully recover from the numbness she was currently experiencing, Dr. Gugliemette testified that it was "unlikely" that her nerves would regenerate. In his opinion, "[if] there's not been any improvement at this point, it's unlikely that there will be."

We note that appellant has gone to great strides attempting to distinguish Newton, 21 Va. App. 86, 462 S.E.2d 117. First, appellant contends that A.B.'s scarring was not "obvious and visible." Additionally, appellant suggests that absent a definition of "cosmetic disfigurement," any scarring would be sufficient to elevate a charge of malicious wounding to a charge of aggravated malicious wounding. We need not decide whether A.B.'s scarring was sufficient to warrant granting of Instruction Number 6 pursuant to the requirements elucidated in Newton regarding cosmetic disfigurement, as the evidence clearly shows that A.B. received a

permanent and significant injury due to her leg numbness and limp.[1]  In addition to a cosmetic

disfigurement, the jury instruction defines physical impairment as "any physical condition."  As

the record shows that A.B.'s leg numbness and limp are not likely to improve, we find this a

permanent physical condition caused by the attack.  Accordingly, we find sufficient evidence in

this record to support the trial court granting Instruction Number 6.

Appellant next argues the evidence was insufficient to sustain her conviction for aggravated

malicious wounding.  We disagree.

When faced with a challenge to the sufficiency of the evidence, we "'presume the judgment

of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or

without evidence' to support it."  Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444,

447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875,

876-77 (2002)).  A reviewing court does not "ask itself whether *it* believes that the evidence at the

trial established guilt beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 318-19

(1979) (emphasis in original).  We ask only whether "any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt."  Kelly, 41 Va. App. at 257, 584 S.E.2d

at 447.  "'This familiar standard gives full play to the responsibility of the trier of fact fairly to

resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from

basic facts to ultimate facts.'"  Id. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319).

Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to

differ.  Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

When a jury decides the case, Code § 8.01-680 requires that we review the jury's

decision to see if reasonable jurors could have made the choices that the jury did make.  Pease v.

---

[1] We note that appellant never addresses A.B.'s limp, leg numbness, or random abdominal spasms.

- 4 -

Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (*en banc*). "We let the decision stand unless we conclude no rational juror could have reached that decision." Id.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

While appellant presented evidence that a special investigator witnessed A.B. walking with a normal gait, the jury was not compelled to accept this testimony. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trier of fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

The record supports the jury's determination that A.B.'s physical impairment was "permanent and significant." At trial, six months after the attack, A.B.'s abdominal scar wound was still visible. The jury reasonably could have found from the need for stitches and the resulting scar that A.B.'s injuries constituted "permanent and significant physical impairment." In addition, the jury had the opportunity to observe A.B's limp and hear her testimony regarding her leg numbness and random abdominal spasms. From this evidence, we find that the jury could reasonably conclude that A.B. had a permanent and significant physical impairment as a result of the stabbing. We, therefore, affirm the conviction.

Affirmed.