**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10629 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00142-RCJ-VPC-1 |
| v. | |
| CLIFTON JAMES JACKSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Submitted October 16, 2013.[**]
San Francisco, California

Before: THOMAS and MCKEOWN, Circuit Judges, and BENNETT, District

Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes that this case should be submitted without oral arguments pursuant to Fed. R. App. P. 34(a)(2).

[***]     The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

A jury convicted appellant Clifton James Jackson of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(b)(1) and 924(a)(2). Casino employees had found a bag containing a firearm stuck between two slot machines near where Jackson had been playing slots in a Reno casino. The bag and firearm were traced to Jackson with evidence including a library card and keys attached to the bag and surveillance videos. The district court denied Jackson's *pro se* motion for new trial, based on alleged ineffective assistance of trial counsel, and sentenced Jackson to a mandatory minimum of 180 months of imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). On this direct appeal, Jackson asserts that we should grant him a new trial, because his trial counsel was ineffective in failing to call a witness; that, without the testimony of the missing witness, the evidence was insufficient to convict him; and that the district judge improperly counted a 1991 Virginia conviction as a predicate "serious drug offense" for the ACCA enhancement of his mandatory minimum sentence. We have jurisdiction over Jackson's appeal of the denial of his motion for new trial and the sufficiency of the evidence pursuant to 28 U.S.C. § 1291, and over Jackson's appeal of his sentence pursuant to 18 U.S.C. § 3742(a). We affirm.

**1.a.** Rule 33 provides for a new trial in the "interest of justice." *See* Fed. R. Crim. P. 33(a); *United States v. Davis*, 960 F.2d 820, 825 (9th Cir. 1992). We

review the denial of a motion for new trial for abuse of discretion. *United States v. Steel*, 759 F.2d 706, 713 (9th Cir. 1985). The district court did not abuse its discretion in denying Jackson's Rule 33 motion, because the basis for the motion was ineffective assistance of counsel, which was not apparent on the record. *See United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012). Jackson's "ineffective assistance" claim can be brought pursuant to the "customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial . . . under 28 U.S.C. § 2255." *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (internal quotation marks and citations omitted). We will not consider an "ineffective assistance" claim on direct appeal, unless the record is "sufficiently developed" or the legal representation was "obviously" inadequate. *McGowan*, 668 F.3d at 605. The record here was not "sufficiently developed" simply because trial counsel's challenged decision was purportedly "tactical." That characterization is not enough for us to determine "what counsel did, *why it was done*, and what, if any, prejudice resulted." *McGowan*, 668 F.3d at 605 (emphasis added).

**b.** We reject Jackson's argument that there was insufficient evidence to convict him, where the jurors did not hear the testimony of a casino employee who would have provided a different version of the finding of the bag with the firearm

in it, whether that argument goes to the "prejudice" prong of his "ineffective assistance" claim or is a stand-alone challenge to the sufficiency of the evidence. Viewing the evidence *that was presented* in the light most favorable to the prosecution, a rational trier of fact certainly could have found the essential elements of the crime charged against Jackson beyond a reasonable doubt, where there was overwhelming evidence linking Jackson to the firearm, independent of the question of who, exactly, found the bag containing the firearm. *United States v. Stargell*, 725 F.3d 1015, 1019 (9th Cir. 2013).

**2.** We also reject Jackson's contention that his 1991 Virginia conviction for distributing cocaine was not a predicate "serious drug offense" for an ACCA enhancement to his mandatory minimum sentence. *Descamps v. United States*, ___ U.S. ___, ___, 133 S. Ct. 2276, 2282 (2013) (citing 18 U.S.C. § 924(e)(1)). Jackson's Virginia indictment identified the basis for the charge as Va. Code Ann. § 18.2-248 (1991), which has the necessary "'maximum term of imprisonment of ten years or more.'" *McNeill v. United States*, ___ U.S. ___, ___, 131 S. Ct. 2218, 2220 (2011) (quoting § 924(e)(2)(A)(ii)). His plea agreement in the Virginia case also expressly stated that he was pleading guilty to an offense with a minimum sentence of five years and a maximum sentence of forty years.

Jackson contends that he was not sentenced for an offense under § 18.2-248 (1991), because his *actual* sentence of 6 years, with 18 months suspended, was less than the 5-year minimum under that statute, and Virginia courts are not permitted to suspend sentences below a statutory minimum. Pursuant to Va. Code Ann. § 19.2-303 (1991), however, Virginia courts are authorized to suspend all or part of a statutory sentence. *See Peyton v. Commonwealth*, 604 S.E.2d 17, 19 (Va. 2004). *Mouberry v. Commonwealth*, 575 S.E.2d 567 (Va. Ct. App. 2003), on which Jackson relies, is distinguishable, because that case involved Va. Code Ann. § 18.2-308.2(A), which expressly prohibited suspending sentences below the statutory minimum. *Id.* at 580 (quoting Va. Code Ann. § 18.2-308.2).

Also, *United States v. Alvarez-Hernandez*, 478 F.3d 1060, 1064 (9th Cir. 2007), and the definition of "sentence of imprisonment" as "the maximum sentence imposed" under U.S.S.G. § 4A1.2, are inapplicable. Application Note 1 to U.S.S.G. § 4B1.4, the "Armed Career Criminal" guideline, makes clear that the definitions of "violent felony" and "serious drug offense" in 18 U.S.C. § 924(e)(2) are not identical to the definitions of "crime of violence" and "controlled substance offense" used in § 4B1.1, the career offender guideline, and that the method for determining prior sentences under § 4A1.2 is inapplicable to the ACCA enhancement. Moreover, the plain language of § 924(e)(2)(A)(ii) defines a

"serious drug offense" on the basis of the "maximum term of imprisonment . . . prescribed by law," not on the basis of the actual sentence. 18 U.S.C. § 924(e)(2)(A)(ii); *McNeill*, ___ U.S. at ___, 131 S. Ct. at 2220.

Finally, although § 18.2-248 does not, itself, define or cross-reference any definition of "controlled substance," or define or cross-reference any definition of "cocaine" as a "controlled substance," another Virginia statute, § 54.1-3448, *does* define "cocaine" as a "Schedule II controlled substance." *See* Va. Code Ann. § 54.1-3448(1). Section 18.2-248(A) refers to "controlled substances" and "Schedule II controlled substances," and both §§ 18.2-248 and 54.1-3448 are part of the Virginia Drug Control Act, *see Hylton v. Commonwealth*, 723 S.E.2d 628, 632 (Va. Ct. App. 2012); *Lane v. Commonwealth*, 659 S.E.2d 553, 557 & 559 n.6 (Va. Ct. App. 2008); *Shears v. Commonwealth*, 477 S.E.2d 309, 401 & n.4 (Va. Ct. App. 1996). Thus, § 18.2-248(A) defines a "serious drug offense," because it involves "cocaine," which is specifically defined as a "controlled substance" under state law, as it is under federal law. *See* 21 U.S.C. § 802(6), (17)(D); 21 U.S.C. § 812, Schedule II, (a)(4).

We reject Jackson's challenges to both his conviction and his sentence.

AFFIRMED.